UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGE TAYLOR,

                    Plaintiff,

        -against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER MICHAEL KARBAN, POLICE OFFICER CARL BECKER, and SERGEANT CORLETTE TONIC,

                    Defendants.
------------------------------------------------------------------X

Docket No. 18 CV 2004 (AMD) (LB)

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

       The plaintiff, by and through his attorneys, LAW OFFICES OF RICHARD BATELMAN complaining of the defendants, herein respectfully shows to this Court and alleges the following:

## PRELIMINARY STATEMENT

       1.     This is a civil rights action in which the plaintiff, GEORGE TAYLOR, seeks relief for Defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, and of his rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorneys' fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION

       2.     Jurisdiction is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 (a)(3) and (4), this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

4. The plaintiff requests that this Court exercise supplemental jurisdiction over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein. 28 U.S.C. Section 1367.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each of the causes of action pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 29 U.S.C. Section 1391(b).

## PARTIES

7. The Plaintiff, GEORGE TAYLOR, is a citizen and resident of the United States, and was at all times relevant herein, a resident of the City of New York, County of Kings, and State of New York.

8. Upon information and belief, Defendant, POLICE OFFICER MICHAEL KARBAN is a citizen and resident of the United States, and was at all times relevant herein, a resident of the City of New York and State of New York.

9. Upon information and belief, Defendant, POLICE OFFICER CARL BECKER is a citizen and resident of the United States, and was at all times relevant herein, a resident of the City of New York and State of New York.

10. Upon information and belief, Defendant, SERGEANT CORLETTE TONIC is a citizen and resident of the United States, and was at all times relevant herein, a resident of the City of New York and State of New York.

11. Defendants, POLICE OFFICER MICHAEL KARBAN, POLICE OFFICER CARL BECKER and SERGEANT CORLETTE TONIC, are and were at all times relevant herein, officers, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. Defendants, MICHAEL KARBAN, CARL BECKER, and SERGEANT CORLETTE TONIC are being sued individually.

12. At all times relevant herein, the individual Defendants, MICHAEL KARBAN, POLICE OFFICER CARL BECKER and SERGEANT CORLETTE TONIC, were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of THE CITY OF NEW YORK, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of THE CITY OF NEW YORK at all times relevant herein with the power and authority vested in them as officers, agents and employees of THE CITY OF NEW YORK and incidental to the lawful pursuit of their duties as officers, employees and agents of THE CITY OF NEW YORK.

13. Defendant, THE CITY OF NEW YORK, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by THE CITY OF NEW YORK.

## STATEMENT OF FACTS

14. On or about August 3, 2015, at approximately 6:00 PM, Plaintiff, GEORGE TAYLOR, was arrested and charged with Aggravated Unlicensed Operation in the 3rd Degree

(VTL§ 511.1A), Driving Without a License (VTL § 509.1) and Aggravated Unlicensed Operation in the 2nd Degree (VTL § 511.2A).

15. On the aforesaid date and time, plaintiff was lawfully present as a pedestrian in the vicinity of East 96th Street between the intersections of E. New York Ave. and Rutland Rd., City and State of New York, County of Kings, when he was approached, questioned and detained by New York City Police Officers.

16. At no point was plaintiff operating a motor vehicle on the said date and time, nor was he located in a vehicle at the time Police Officers MICHAEL KARBAN and CARL BECKER approached him. In fact, plaintiff does not own a vehicle and does not possess a driver's license. At the aforesaid date and time, plaintiff was a lawful pedestrian walking along East 96th Street when he was approached by the New York City Police Officers.

17. Notwithstanding, plaintiff was arrested and charged with the above-mentioned criminal charges.

18. Plaintiff was fingerprinted, photographed, otherwise processed and put through the system.

19. In addition, plaintiff sustained injuries as a result of being handcuffed and detained while in transport by the New York City Police Officers and required hospitalization for his injuries at SUNY Downstate Medical Center.

20. Plaintiff was held in custody for approximately seventy-two (72) hours, and he was eventually released on his own recognizance on or about August 6, 2015.

21. Plaintiff was compelled to appear before the Kings County Criminal Court on approximately ten (10) further occasions.

22. On or about June 28, 2017, all charges against the plaintiff were dismissed and the matter was sealed pursuant to CPL § 160.50.

23. The above-mentioned acts were all conducted in violation of plaintiff's constitutional rights and were perpetrated by the defendants under color of law. Plaintiff alleges that defendants THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT are liable for the unlawful detention, false arrest and unlawful imprisonment under a theory of respondeat superior. Similarly, Defendant THE CITY OF NEW YORK is liable for maliciously prosecuting plaintiff under a theory of Respondeat Superior. This is because, among other reasons, defendant THE CITY OF NEW YORK has tolerated and permitted a pattern of illegal actions against persons, including unlawful detention, false arrest and unlawful imprisonment, and has failed to maintain a proper system for reviewing these violations by police officers. As a result, New York City police officers are encouraged to believe that they can violate the rights of persons like the plaintiff with impunity.

24. As a result of the defendant's above-mentioned conduct, plaintiff suffered: deprivation of his liberty; humiliation; injuries to his reputations; extreme emotional, mental and psychological anguish, and physical injuries.

## AS AND FOR A FIRST CAUSE OF ACTION

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY POLICE OFFICER MICHAEL KARBAN, POLICE OFFICER CARL BECKER and SERGEANT CORLETTE TONIC

25. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26. Defendants POLICE OFFICER MICHAEL KARBAN, POLICE OFFICER CARL BECKER and SERGEANT CORLETTE TONIC acting under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, done without lawful justification, and designed to and causing specific and serious bodily harm, pain and suffering, loss of liberty, humiliation, costs and expenses and other damage and injury, violated plaintiff's constitutional rights as guaranteed under 42 U.S.C. Section 1983, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

27. By the conduct herein alleged, defendants falsely arrested and imprisoned plaintiff, maliciously prosecuted him, and failed to intercede on behalf of plaintiff and to protect plaintiff from the unjustified and unconstitutional treatment he received at the hands of defendants.

28. The conduct of defendants which supports this claim, includes, but is not limited to, the following acts:

   a. Knowing facts which would cause a person of reasonable caution to lack confidence that plaintiff was a perpetrator of the alleged aggravated operation of a motor vehicle, that plaintiff was a perpetrator of the alleged aggravated operation of a motor vehicle, defendant forcibly detained plaintiff, failed to inform him that he was under arrest, failed to inform him of his rights and falsely charged plaintiff with Aggravated Unlicensed Operation in the 3rd Degree (VTL§ 511.1A), Driving Without a License (VTL § 509.1) and Aggravated Unlicensed Operation in the 2nd Degree (VTL § 511.2A);

b. Fabricating evidence in the accusatory instrument which was presented to the Kings County Criminal Court by suggestively and deceptively presenting the circumstances and conduct of plaintiff's arrest, and the basis upon which plaintiff was charged with Aggravated Unlicensed Operation in the 3rd Degree (VTL§ 511.1A), Driving Without a License (VTL § 509.1) and Aggravated Unlicensed Operation in the 2nd Degree (VTL § 511.2A).

## AS AND FOR A SECOND CAUSE OF ACTION

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983 BY THE CITY OF NEW YORK

29. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30. At all times material to this complaint, the defendant THE CITY OF NEW YORK had in effect actual and/or de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the individual defendants.

31. Defendant THE CITY OF NEW YORK failed to properly train, supervise or discipline its police detectives, including defendants POLICE OFFICER MICHAEL KARBAN, POLICE OFFICER CARL BECKER and SERGEANT CORLETTE TONIC, concerning correct practices in the interviewing of witnesses to crimes and identification procedures, and the obligation not to present deceptive evidence to the court or manufacture probable cause, thereby permitting defendants POLICE OFFICER MICHAEL KARBAN, POLICE OFFICER CARL BECKER and SERGEANT CORLETTE TONIC to be in a position to violate plaintiff's federal and state constitutional and statutory rights.

32. Defendant THE CITY OF NEW YORK, being aware that such lack of training,

supervision, and discipline leads to improper conduct by its employee police detectives, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE CITY OF NEW YORK is aware of the persistent and substantial risk of false charges, false arrest, and malicious prosecution by its police officers, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent situations of such conduct, which involve potential danger to the constitutional rights of the citizens and which are officially tolerated by defendant THE CITY OF NEW YORK. Such policy, practices, customs or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm to plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. Section 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, plaintiff GEORGE TAYLOR demands the following relief jointly and severally against the defendants:

a. Compensatory damages in the amount of no less than $2,000,000.00;
b. Punitive damages in the amount of no less than $2,000,000.00;
c. The convening and empanelling of a jury to consider the merits of the claims herein;
d. Costs and interest and attorneys' fees; and
e. Such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

DATED: Brooklyn, New York
July 30, 2018

Yours, etc.

Maksim Leyvi, Esq. (ML1274)
**LAW OFFICES OF RICHARD BATELMAN**
Attorneys for Plaintiff
1022 Avenue P
Brooklyn, New York 11223
(718) 336-1456